IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BENJAMIN DAVIS III, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Case No.  1:23-cv-01061-MJM |
| | * |
| WESTSIDE MEN'S SHELTER, *et al.*, | * |
| | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Benjamin Davis III ("Plaintiff") commenced this civil action against Westside Men's Shelter ("Defendant"), Megan Goffney, and two staff members of Westside Men's Shelter alleging violations of First Amendment and due process rights. ECF 1 ("Compl."). Currently pending is Defendant's unopposed motion to dismiss for failure to state a claim.[1] ECF 9. The Court has reviewed Plaintiff's Complaint, Defendant's motion to dismiss, Defendant's memorandum in support of the motion, and an affidavit attached to Defendant's memorandum.[2] A hearing on the motion is not necessary. L. R. 105.6. For the reasons explained below, Defendant's motion shall be granted, and Plaintiff's Complaint shall be dismissed without prejudice.

I.   **Background**

---

[1] Defendant identifies itself in the motion Community Assistance Network ("CAN"), which it claims is the proper defendant in this case. ECF 9. An affidavit attached to the motion describes Westside Men's Shelter as an affiliate of CAN. ECF 9-2 at 1.

[2] When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court is limited to considering the allegations set forth in the complaint and documents that are either attached to the complaint or explicitly incorporated into the complaint by reference. Fed. R. Civ. P. 10(c). Courts may also consider documents "attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Sec'y of State for Def. v. Trimble Nav. Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007) (citation omitted). The affidavit attached to Defendant's memorandum describes Defendant's business structure, mission, involvement with the Westside Men's Shelter, and how the Westside Men's Shelter accommodates residents observing Ramadan. This affidavit is not integral to the Complaint and will not be considered herein.

Plaintiff was a resident at Westside Men's Shelter, a homeless shelter in Maryland. Compl. at 6. As a devout Muslim, Plaintiff is obligated to fast every day from sunrise to sunset during the month of Ramadan, which began this year on March 23, 2023. *Id.* On April 8, 2023, Plaintiff filed a complaint with the Resident Manager against staff members Ron and Steve for discriminating against him by deliberately failing to provide Muslim residents with equal portions of breakfast as non-Muslim residents, causing Plaintiff to abandon his fast that day. *Id.* The Resident Manager addressed the issue by allowing Plaintiff to access the shelter kitchen with the supervision of the Resident Chef. In response, Ron and Steve "retaliated by filing false disciplinary reports and inciting non-Muslim residents to target Plaintiff." *Id.*

On April 15, 2023, Ron and Steve refused to feed Plaintiff his required dinner meal at the time he was allowed to break his fast. *Id.* The following morning, Ron and Steve refused to feed Plaintiff in the same manner in which they fed non-Muslim residents. *Id.* Plaintiff filed another complaint with the Resident Manager. *Id.* In retaliation, Ron and Steve filed multiple false disciplinary reports with the Shelter Administrator Megan Goffney ("Goffney"), which led to Goffney removing Plaintiff from the shelter. *Id.* Plaintiff alleges Goffney did not give Plaintiff the opportunity to dispute the disciplinary reports, in violation of Plaintiff's due process rights. *Id.* After being removed from the shelter, Plaintiff was forced to discard valuable property and break his religious fast because he had not been fed in over twenty-four hours. *Id.* Plaintiff wandered the streets of Baltimore that day and was forced to sleep in nearby woods. *Id.*

## II.  **Legal Standard**

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon

which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 555 (2007) (internal quotation marks and citation omitted). A motion to dismiss under Rule 12(b)(6) constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

To survive a 12(b)(6) motion to dismiss, a plaintiff must plead enough factual allegations "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A complaint need not include "detailed factual allegations" to satisfy Rule 8(a)(2), but it must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 555-56 (internal quotation marks omitted). Furthermore, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 10 (2014) (per curiam). However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks, brackets, and citation omitted). A complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level[,]" *id.*, and "tender[ing] 'naked assertion[s]' devoid of 'further factual enhancement'" does not suffice. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "Nevertheless, pro se pleadings are to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted

3

by lawyers." *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)) (internal quotation marks omitted).

When considering a motion to dismiss, a court must take the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Id.* at 212. At the same time, "a court is not required to accept legal conclusions drawn from the facts." *Retfalvi v. United States*, 930 F.3d 600, 605 (4th Cir. 2019) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" the defendant's liability for the alleged wrong and the plaintiff's entitlement to the remedy sought. *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937 (2012). Although the court must assume the plaintiff can prove all facts alleged in the complaint, "it is not, however, proper to assume that plaintiffs can prove facts that [he has] not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Est. Constr. Co. v. Miller & Smith Holding Co.*, 14 F.3d 213, 221 (4th Cir. 1994) (quoting *Assoc.'d Gen. Contractors v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983)) (internal quotation marks omitted).

### III.   Analysis

The Complaint cites several provisions of the United States Constitution as at issue in this litigation: the "right to religion" under the First Amendment, the "right to file complaint" under the First Amendment, and due process. Compl. at 4. Defendant argues that the Complaint should be dismissed for failure to state a claim because Defendant, a private actor, is not subject to the constraints of the Constitution. The Fourteenth Amendment's Due Process Clause, "which prohibits the states from denying federal constitutional rights and which guarantees due process,

applies to acts of the states, not to acts of private persons or entities." *Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982) (citing *Shelley v. Kraemer*, 334 U.S. 1, 13 (1948)). As such, state action is a necessary component to Plaintiff's claim against Defendant.

A private entity may qualify as a state actor "when it exercises 'powers traditionally exclusively reserved to the State.'" *Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1928 (2019) (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 352 (1974)). Qualification as a state actor requires "a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may fairly be treated as that of the State itself." *Jackson*, 419 U.S at 351 (citation omitted). This requirement "assure[s] that constitutional standards are invoked only when it can be said that the State is *responsible* for the specific conduct of which the plaintiff complains." *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982). A state may become responsible for a private party's actions "if the private party acts (1) in an exclusively state capacity, (2) for the state's direct benefit, or (3) at the state's specific behest." *Modaber v. Culpeper Mem. Hosp., Inc.*, 674 F.2d 1023, 1025 (4th Cir. 1982). In other words, a state can be held responsible for a private actor "only when [the state] has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." *Blum*, 457 U.S. at 1004. Obtaining a government license, government contract, or government-granted monopoly does not "transform a private entity into a state actor[.]" *Halleck*, 139 S.Ct. at 1932. In fact, "[v]ery few" functions fall into the category of "exclusively reserved to the State." *Flagg Bros. v. Brooks*, 436 U.S. 149, 158 (1978).

Courts within the Fourth Circuit have found non-profit organizations to be private actors. *See e.g., Thomas v. The Salvation Army S. Terr.*, 841 F.3d 632, 637 (4th Cir. 2016) (holding that charitable organizations that run homeless shelters are not state actors); *Witt v. Johnson*, No. 3:21-

cv-00011, 2021 WL 1321316, at *2 (W.D. Va. Apr. 8, 2021) (noting that the state action requirement is not met without alleging how the non-profit organization's actions are attributable to the state rather than to its own private conduct).

Here, Plaintiff does not allege Defendant to be a state actor, nor does he plead facts that demonstrate a sufficiently close nexus between the State and Defendant such that the State can be held responsible for Defendant's actions. *See Jackson*, 419 U.S. at 345; *Blum*, 457 U.S. at 1004. Therefore, the Complaint must be dismissed.

### IV.   Conclusion

For the reasons stated above, Defendant's motion to dismiss (ECF 9) will be granted, and Plaintiff's Complaint is dismissed without prejudice to Plaintiff filing an amended complaint stating grounds for relief consistent with this Opinion.

A separate Order follows.

  December 6, 2023__                                           _____/S/_____
Date                                                                    Matthew J. Maddox
                                                                        United States District Judge